UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>    v.<br><br>CORDELL LAMONT MCINTOSH,<br>    Defendant. | )<br>)<br>)<br>) CAUSE NO.: 2:17-CR-100-JVB-JEM<br>)                    2:20-CV-201-JVB<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on a 2255 Motion to Vacate, Set Aside, or Correct Sentence [DE 41] and a Motion for Appointment of Counsel [DE 42], both of which were filed by Defendant Cordell Lamont McIntosh on May 13, 2020. The Government filed a response to the first motion on June 23, 2020.

### PROCEDURAL BACKGROUND

McIntosh was charged in a single-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On October 10, 2017, McIntosh pled guilty to the charged count pursuant to a plea agreement. At the February 20, 2018 sentencing, the Court sentenced McIntosh to 70 months of imprisonment followed by three years of supervised release. Judgment was entered March 22, 2018. McIntosh did not file a direct appeal.

McIntosh was represented by appointed counsel Matthew Soliday, who entered his appearance on August 14, 2017. Soliday remained as counsel through the close of the case.

### ANALYSIS

Title 28 section 2255(a) provides that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct

the sentence." Relief under § 2255 is only appropriate for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)).

McIntosh argues that he should be granted relief under § 2255 due to *Rehaif v. United States*, 139 S.Ct. 2191 (2019), and due to ineffective assistance of his trial counsel. The Court addresses each argument in turn.

### A. *Rehaif v. United States*

In *Rehaif v. United States*, 139 S.Ct. 2191 (2019), the Supreme Court concluded that, in prosecuting a violation of 18 U.S.C. § 922(g), the Government must prove that a defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200.

The Government has chosen to not enforce the appeal waiver contained in McIntosh's plea agreement. Instead, the Government argues that McIntosh should not receive relief under § 2255 because he procedurally defaulted this claim.

"In general, habeas corpus petitioners may not raise any issue that they might have presented on direct appeal." *Cross v. United States*, 892 F.3d 288, 294 (7th Cir. 2018). Procedural default can be overcome "by showing cause for the default and actual prejudice or that failure to consider the defaulted claim will result in a fundamental miscarriage of justice." *Id.* at 294-95 (citations and quotation marks omitted). The fundamental miscarriage of justice requirement is only met "if the prisoner can demonstrate that he is actually innocent of the crimes of which he was convicted." *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016) (quotation marks omitted).

"A change in the law may constitute cause for a procedural default if it creates a claim that is so novel that its legal basis is not reasonably available to counsel." *Cross*, 892 F.3d at 295 (quotation marks omitted) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)). *Rehaif* created such a change in the law. *See, e.g.*, *United States v. Williams*, 946 F.3d 968, 970 (7th Cir. 2020) ("The Supreme Court's recent decision in *Rehaif* upset what was once a seemingly settled question of federal law." (citation omitted)). Cause for the default has been shown. Thus, the procedural default will be excused if McIntosh can also show prejudice.

To establish prejudice in the context of a guilty plea, a petitioner must show "a reasonable probability" that, but for the errors, he would not have pleaded guilty and would have insisted on going to trial. *Moore v. United States*, Nos. 07-CR-137 & 20-CV-476, 2020 WL 4785432, at *3 (Aug. 18, 2020) (citing *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017); *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Williams*, 946 F.3d at 971). The Court may "fairly ask . . . what he might ever have thought he could gain by going to trial, though [the Court] will not second-guess a defendant's actual decision, if the record shows it is reasonably probable that he would have taken a chance at trial, even foolishly." *Williams*, 946 F.3d at 973 (internal quotation marks and citations omitted).

For McIntosh, then, the question is whether there is a reasonable probability that he would not have pled guilty if he had known that, at trial, the government would have to prove that McIntosh knew he had been convicted of a felony at the time he possessed the firearm. This is "an uphill battle . . . on a silent record." *Id.* at 974

In 2001, McIntosh was convicted of Hobbs Act robbery in this judicial district and was sentenced to 57 months of incarceration.[1] In 2008, McIntosh was convicted of being a felon in possession of a firearm in this judicial district and was sentenced to 25 months of incarceration.[2]

---

[1] Cause Number 2:01-CR-48
[2] Cause Number 2:07-CR-131

3

In 2011, McIntosh was convicted in the Lake County, Indiana, Superior Court of dealing in a narcotic drug and was sentenced to 8 years of incarceration.[3] McIntosh "cannot plausibly argue that he did not know his conviction had a maximum punishment exceeding a year." *Id.* at 973. At trial, McIntosh's burden of convincing a jury that he had no knowledge that he had been convicted of a felony would have been very hard to meet, no less so because he had previously been convicted of the felony of being a felon in possession of a firearm. On the record before the Court, with no evidence, or even an assertion, from McIntosh that he would not have pled guilty if he understood the Government's burden at trial, McIntosh has not shown actual prejudice.

Since McIntosh cannot excuse his procedural default through the cause-plus-prejudice track, his one remaining avenue for relief is through showing that he is innocent of the offense for which he was convicted. For the same reasons that McIntosh has not shown prejudice, he has not shown innocence. His previous convictions and multi-year sentences for three felony offenses, including a § 922(g)(1) offense, are evidence that tends to show that McIntosh knew that he had been convicted of a felony. McIntosh has presented no argument or evidence to the contrary. McIntosh admitted to the other elements of § 922(g) at his change of plea hearing. McIntosh has not shown that, more likely than not, no reasonable juror would have convicted him. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995). Thus, he has not shown that he is innocent of the offense for which he was convicted in this case.

McIntosh's procedural default will not be excused. McIntosh's request for relief under § 2255 due to the Supreme Court's decision in *Rehaif* is denied.

---

[3] Cause Number 45G04-1001-FB-001

## B. Ineffective Assistance of Counsel

*1.    Timeliness*

The Government challenges McIntosh's arguments based on ineffective assistance of counsel on timeliness grounds. Petitions under § 2255 must be filed within one year from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, subsection (1) provides the relevant date. Judgment was entered on March 22, 2018, and the deadline to appeal passed, with no appeal being filed, on April 5, 2018, rendering the judgment of conviction final. McIntosh filed his § 2255 motion on May 13, 2020, well outside of the one-year statute of limitations period in which to file that motion.

The Government concedes that the principle of equitable tolling applies in the § 2255 context generally, so the Court will determine if equitable tolling applies to McIntosh's motion. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

McIntosh states that he has "been in transit during most of his sentence, in which property was lost or lagging behind, preventing him from filing 2255 ineffective assistance of counsel." (2255 Mot. at 1, ECF No. 41). McIntosh's motion is two pages long and contains no evidence or

5

citation to the case record. McIntosh has not demonstrated how lack of access to unspecified pieces of property prevented him from being able to file his motion in a timely manner. Equitable tolling should only be "granted sparingly and is for "extraordinary circumstances." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). The circumstances of McIntosh's motion fail to meet that threshold, so equitable tolling will not be granted.

McIntosh's arguments that he received ineffective assistance of counsel are untimely, so the Court denies relief on this basis. The Court also notes that, even if the arguments had been raised in a timely manner, the arguments would fail on the merits, as explained below.

*2.     Merits*

Supreme Court case *Strickland v. Washington* provides the standard for ineffective assistance of counsel. 466 U.S. 668 (1984). This standard requires that "a defendant claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial." *Massaro v. United States*, 538 U.S. 500, 505 (2003). The two parts of the standard are often referred to as the "performance" prong and the "prejudice" prong.

The performance prong is met if the challenger shows that counsel's representation "fell below an objective standard of reasonableness." *Vinyard v. United States*, 804 F.3d 1218, 1225 (7th Cir. 2015). "The challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (internal quotation marks omitted).

The prejudice prong is met if the challenger shows "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 104 (quoting *Strickland*, 466 U.S. at 694).

McIntosh argues that his counsel was ineffective in three ways: (1) counsel agreed to the removal of McIntosh from the courtroom during McIntosh's sentencing against McIntosh's wishes, (2) Soliday failed to properly argue mitigating factors regarding McIntosh's mental state, and (3) Soliday had a conflict of interest. McIntosh has not shown that any of these assertions are factually accurate.

First, McIntosh asserts that Soliday agreed to McIntosh's removal from the courtroom during sentencing against McIntosh's wishes. However, the transcript of the sentencing hearing shows that the removal at McIntosh's request. (Sentencing Transcript 28:16-18, ECF No. 40 ("The Court: And you heard him say that, correct, that he wanted to leave? Mr. Soliday: Yes, Your Honor.")). Counsel did not provide ineffective assistance in this regard, as Soliday did not agree to McIntosh's removal *against* McIntosh's wishes.

Next, McIntosh states that Soliday did not properly argue mitigating factors regarding McIntosh's mental state and lack of access to prescribed medication. However, Soliday raised these matters in both the sentencing memorandum and at the sentencing hearing. *See* (Sentencing Mem. 1-2, ECF No. 28); (Sentencing Transcript 8:2-14, ECF No. 40). There is no ground for relief here.

Finally, McIntosh contends that there was "a conflict of interest during sentencing." (2255 Mot. at 2, ECF No. 41). However, McIntosh has not identified with any specificity any form of conflict of interest. At his sentencing hearing, McIntosh did state that he needed a different lawyer, but he followed up, saying "Just send me to jail." (Sentencing Transcript 25:8-14, ECF No. 40.). Without any conflict of interest identified, this argument fails.

Thus, the merits of McIntosh's request for relief under § 2255 due to ineffective assistance of counsel provide an independent basis for denying the request.

## MOTION FOR APPOINTMENT OF COUNSEL

A § 2255 proceeding is an independent civil suit for which there is no constitutional right to appointment of counsel. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). However, Rule 8(c) of the Rules Governing Section 2255 Proceedings mandates for appointment of counsel for indigent prisoners if an evidentiary hearing is required. Additionally, if the interests of justice require, the Court may appoint counsel for "any financially eligible person" who seeks relief under § 2255. See 18 U.S.C. § 3006A(a)(2)(B).

No evidentiary hearing is needed to decide McIntosh's § 2255 motion. The Court further finds that the interests of justice do not require appointed counsel. Therefore, the Court denies McIntosh's request for appointed counsel.

## CERTIFICATE OF APPEALABILITY

Section 102 of the Anti-Terrorism and Effective Death Penalty Act provides that a Certificate of Appealability may be issued only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473 (2000). McIntosh has not made such a substantial showing, so the Court declines to enter a certificate of appealability.

## CONCLUSION

Based on the above, the Court hereby **DENIES** the 2255 Motion to Vacate, Set Aside, or Correct Sentence [DE 41], **DENIES** the Motion for Appointment of Counsel [DE 42], and **DECLINES** to enter a certificate of appealability.

SO ORDERED on November 10, 2022.

                                                              s/ Joseph S. Van Bokkelen  
                                                              JOSEPH S. VAN BOKKELEN, JUDGE  
                                                              UNITED STATES DISTRICT COURT